UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| v. | Case No. 10-MJ-00464-RBC |
| **ELLIOT W. DOXER,** | |
| **Defendant** | |

### STIPULATED PROTECTIVE ORDER

Pursuant to Federal Rule of Criminal Procedure 16(d) and 18 U.S.C. § 1835, the parties hereby stipulate to the following protective order because its provisions are necessary to protect the confidentiality of the victim's, Akamai Technologies, Inc.'s, trade secrets and confidential and proprietary information:

1. Under the conditions set forth below, the government shall allow Defendant Doxer, his defense counsel and their staff ("the defense"), and any experts retained by him or the defense to review the government's discovery materials, including any suspected trade secrets, confidential and proprietary information, and/or contraband contained therein. For the purpose of this order, "discovery materials" shall include not only the discovery materials themselves, but also any information derived from the discovery materials.

2. The discovery materials that consist of documents alleged to belong to Akamai will be available for review at the FBI's Boston Office. None of these documents may be copied, and the government may verify that by reviewing the contents of any briefcases, folders, baggage, or other containers that Defendant Doxer, the defense, and defense experts have when they leave the FBI, which procedure Defendant Doxer, the defense, and defense experts hereby consent to. Defendant Doxer, the defense, and defense experts may take notes concerning these

1

discovery materials, but those notes (including Defendant Doxer's) must be stored at the defense's or the experts' offices according to the procedures set forth below. The United States will copy the remainder of the discovery materials and provide them to the defense. Because this discovery is being given in advance of when the government's discovery obligations commence under the Federal Rules of Criminal Procedure and the Local Rules, the United States may redact or otherwise not provide any information it has, except for exculpatory information, which it must provide.

3. The defense and Defendant Doxer shall use and maintain the discovery materials, including any copies or notes, as follows:

    a. The defense and Defendant Doxer shall use the discovery materials solely and exclusively in connection with this case (including investigation, trial preparation, trial, and appeal), and not for any commercial or other purpose.

    b. The discovery materials shall be maintained by the defense at their law firm in a locked room and, if in an amenable format, on one or more computers that are not connected to the Internet.

    c. A copy of this protective order shall be kept with the discovery materials at all times.

    d. The only people who may view the discovery materials shall be Defendant Doxer, the defense, and any defense experts (as detailed below). Defendant Doxer may access and view the discovery materials solely in the presence of counsel and under the direct supervision and control of counsel.

    e.    In no event shall the defense or Defendant Doxer disclose or describe any of the discovery materials to any other person or entity other than the government, Akamai, or this Court. Should the defense or Defendant Doxer need to disclose or describe any of the discovery materials to this Court, they shall do so under seal. Should the defense or Defendant Doxer need to disclose or describe any of the discovery materials to any other court or during any other legal proceedings, they shall do so only with notice to the government and after gaining permission from this Court.

4.    The defense and Defendant Doxer may describe or provide the discovery materials to any expert retained by them, whether testifying or non-testifying, and those experts may review the discovery materials, but only if:

    a.    The defense and Defendant Doxer disclose the expert's identity and resume to the government and the victim, Akamai, fourteen days beforehand. Notices to Akamai shall be faxed to the attention of Emily Schulman, Esq., at Wilmer Hale. If the government or Akamai objects during this fourteen-day period, the defense and Defendant Doxer shall not disclose the discovery materials to the identified expert until this Court rules on the objections and the defense's response. The Court may require the defense and Defendant Doxer to disclose information about the expert to the United States before requiring the United States to state whether it objects to the expert or before ruling on the United States' objections.

    b.    The expert must sign a copy of this Order, and by doing so, agree to

3

maintain the discovery materials in accordance with the above procedures as if the expert were a member of the defense, solely for the purpose of assisting the defense in this case, and not for any commercial or other purpose.

c. The procedures outlined above shall govern the expert's use, maintenance, disclosure, and safekeeping of the discovery materials, except that the expert may maintain the discovery materials and notes at his or her office, but only under the same secure conditions provided above.

d. The expert may not disclose the discovery materials to anybody other than the defense, Defendant Doxer, or another expert who has satisfied the conditions in this paragraph and subparagraphs.

5. Defense counsel shall keep an up-to-date list of all counsel, staff, agents, and experts who have accessed this information or had it described to them.

6. Defense counsel shall promptly notify the government and this Court if any discovery materials are disclosed to anyone not designated by this Order or further order of the Court, either intentionally or unintentionally. Defendant Doxer and any defense experts shall promptly notify defense counsel of any such disclosures.

7. At the end of these proceedings, Defendant Doxer, the defense, and the defense

experts shall return the discovery materials to the government. Defense counsel may retain any notes made by Defendant, the defense, and defense experts under the conditions set forth above, or destroy them.

SO STIPULATED:

CARMEN M. ORTIZ
United States Attorney

By: /s/ William Weinreb          Date: 11/29/10
William Weinreb
Scott L. Garland
Assistant U.S. Attorneys

/s/ Matthew Thompson             Date: 11/22/10
Thomas J. Butters
Matthew D. Thompson
Counsel for Defendant Elliot W. Doxer

/s/                              Date: 11/22/10
Defendant Elliot W. Doxer

IT IS SO ORDERED.

/s/ Robert B. Collings           Date: DEC - 3 2010
ROBERT B. COLLINGS
UNITED STATES MAGISTRATE JUDGE

HON. ROBERT B. COLLINGS
UNITED STATES MAGISTRATE JUDGE
United States District Court
John Joseph Moakley United States Courthouse
1 Courthouse Way, Suite 7420
Boston, Massachusetts 02210



5